

FILED: 4/17/12
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO.  1:12-CR-6(3)** |
| | § | |
| **MARIA D. RODRIGUEZ** | § | |

## <u>FINDINGS OF FACT AND ORDER OF DETENTION</u>

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is pending before the undersigned United States Magistrate Judge for consideration of non-dispositive pretrial motions and proceedings. On April 12, 2012, this matter came before the undersigned on the Government's motion to detain the defendant pending trial.  The undersigned United States Magistrate Judge conducted a hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of Defendant as required by the Court and the safety of the community.  The Court has taken into account the available information concerning the factors to be considered under 18 U.S.C. § 3142(g) and concludes that Defendant should be detained at this time.

## A.  Pending Charges

Defendant, Maria D. Rodriguez, is charged in Count One of a two-count Indictment returned by a federal grand jury in the Eastern District of Texas.  *See Indictment*.  Specifically, the Indictment charges the defendant with conspiracy to possess with intent to distribute 50 grams or more of a controlled substance, namely "actual" and "ice" methamphetamine, in violation of 21 U.S.C. § 846.  If convicted on Count One, Rodriguez faces a term of imprisonment of not less than 10 years nor more than life imprisonment, a fine not to exceed $4,000,000.00, or both, and supervised release of at least five (5) years and up to life.  *See Notice of Penalty*.

The Indictment also includes a Notice of Intention to Seek Criminal Forfeiture pursuant to 21 U.S.C. §§ 853 and 881.  Specifically, the Government seeks a money judgment representing the amount of proceeds as a result of the illegal activity alleged in Count One as well as the forfeiture of certain personal property.

## B.  Factors to Be Considered Under 18 U.S.C. § 3142(g) and the Hearing

Title 18, United States Code, Section 3142(g) sets forth the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and will also assure the safety of any other person and the community. Thus, for the Court to release Defendant from custody pending trial, conditions of release must be established which both assure Defendant's appearance AND the safety of the community. The Section 3142(g) factors to be considered include (1) the nature and circumstances of the offense charged, (2) the evidence presented and the weight of evidence against the person, (3) the history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court, and whether the person at the time of the current offense or arrest was on probation, parole, or other release, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Under the Bail Reform Act, the Court may only enter an order of detention following a hearing.  The Government's right to a detention hearing exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror.  18 U.S.C. § 3142(f).

In this case, the Government requested that the defendant be detained because the defendant is charged with an offense under the Controlled Substances Act for which she faces a maximum term of imprisonment of at least ten years.   It also contends that the defendant presents a serious risk of flight and no conditions can be imposed to assure her appearance or the safety of the community.  *See Motion for Detention Hearing* [doc. #11].

As an initial matter, the Court must also determine whether the statutory presumption of 18 U.S.C. §  3142(e)(3) is implicated.  This section provides, in relevant part:

"Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed–
(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act...the Controlled Substances Import and Export Act...
(B) [or] an offense under section 924(c) of this Title..."

18 U.S.C. § 3142(e)(3)(A)&(B).   As stated *supra*, the defendant is charged with conspiracy to distribute "actual" and "ice" methamphetamine in violation of 21 U.S.C. § 846 and she faces a term of up to life imprisonment for this charge.   *See Indictment and Notice of Penalty*.   Therefore, because the defendant has been charged by indictment with violating the Controlled Substances Act in the manner set forth herein, under 18 U.S.C. § 3142(e)(3) the rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

This presumption is properly applied against the defendant when the triggering crime is charged by indictment. *United States v. Trosper,* 809 F.2d 1107, 1110 (5th Cir. 1987).   Similarly, the presumption is properly applied upon proof that the defendant has been indicted under 21 U.S.C. § 846 because the Indictment establishes probable cause to believe that she committed the controlled substances violations as alleged.   *See id.*   Here, a federal grand jury has, in fact, indicted Rodriguez under those provisions of the Controlled Substances Act, as discussed *supra*.

The presumption shifts to the defendant only as to the burden of producing rebutting evidence, not the burden of persuasion.   However, the presumption is not a mere "bursting bubble" that totally disappears from consideration after the defendant comes forward with evidence. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).   Congress intended that the presumption remain in the case as a factor to be considered by the Court.   *Id.*   Thus, the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the Court may still consider the finding by Congress that certain offenders pose a special risk of flight and dangerousness to society.

The Court cannot rely solely upon the nature of the charges and the rebuttable presumption.   *See United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir. 1988).   The Court shall

take into account the available information as to the weight of the evidence and consider the other listed factors under 18 U.S.C. § 3142(g).  *Id.*  The statute thus creates an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance.  *Id.* at 799.

### C.  Statement of Reasons for Detention

At the hearing, the Court considered the information contained within the Pretrial Services Report prepared by the United States Probation Office.  In support of its request for detention, the Government offered the testimony of Special Agent Robert Franklin with the Drug Enforcement Administration (DEA), Houston office.  His testimony described  the incidents made the basis of the charges alleged and the underlying investigation.  He discussed the investigation which led to the discovery of an illegal drug trafficking organization involving a co-defendant named James Gary and which involved the shipment of methamphetamine from Phoeniz, Arizona, to Texas.  The investigation utilized undercover officers, controlled purchases of narcotics, and wiretaps.  Franklin testified that Rodriguez' involvement came through her role as an employee at a Chase bank in Arizona where cash deposits would be made into her accounts and then drugs shipped out from Phoenix the next day.  According to Franklin, based on phone calls intercepted via the wiretap, the deposits would be made in roughly the same amount that Gary was paying for certain quantities of methamphetamine.  Franklin also testified that Rodriguez could be heard on the intercepted calls.

Rebecca Hernandez, the defendant's younger sister, testified on her behalf.  Hernandez testified about her sister's family and living situation.  Hernandez testified that she lives with Rodriguez as well as their children and their mother at Rodriguez' house in Phoenix.  Hernandez also testified that Rodriguez' young son suffers from leukemia and that she, Hernandez, is

helping care for him while her sister is incarcerated. She also offered to be a third party custodian for Rodriguez if she is released pending trial.

The witness' testimony as well as the admitted exhibits are set out, in detail, in the record of the detention hearing. The Court incorporates the whole presentation of evidence in support of the findings stated herein.

As for the nature and seriousness of the offense, the charged crime is one of the most serious of drug offenses - conspiracy to distribute methamphetamine. The Government's evidence corroborated the allegations in the Indictment and further described the circumstances giving rise to the allegations against the defendant.  The evidence presented at the hearing adds to the seriousness of the charged offense and consequently weighs in favor of detention.

Also relevant is the weight of the evidence presented against the defendant.  Again, the testimony supported the crime charged in the Indictment.  A federal grand jury also found probable cause to indict Rodriguez.  Special Agent Franklin's detailed testimony supported the charged crimes and the evidence indicated probable cause to support Rodriguez' involvement in the drug distribution scheme alleged in the Indictment and described in further detail by Franklin at the hearing.

Defendant's criminal history is relevant for consideration as to her history and characteristics.  *See* 18 U.S.C. § 3142(g)(3)(A).[1]   The Pretrial Services Report indicates that Rodriguez has one prior conviction for aggravated assault in Maricopa County, Arizona, in 2004. She was convicted on a misdemeanor on this charge and sentenced to one year probation.

---

[1] "Factors to be considered. . .  the history and characteristics of the person including – the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. . ."  18 U.S.C. § 3142(g)(3)(A).

The Court also considers the defendant's personal characteristics and community ties. The Pretrial Services Report shows that she has lived in Phoeniz, Arizona, area for most of her life.  She was born in Mexico but acquired permanent residency status in the United States 18 years ago.  The Pretrial Services Office confirms that Rodriguez is, in fact, a lawful permanent resident. However, the Pretrial Services Report(s) indicate that the Bureau of Immigration and Customs Enforcement (ICE) has placed a detainer on Rodriguez.  This is based on the fact that she has a prior conviction which may be classified as an aggravated felony and/or has an arrest or conviction as a level one violator under the ICE Program Secure Communities.  In other words, it appears that because Rodriguez is classified as a permanent resident rather than a citizen, combined with her prior conviction and the instant federal felony arrest, she may be subject to arrest by ICE for immigration violations.  Accordingly, the ICE detainer is in place and if she is released by this Court, she is likely go into ICE custody.

Rodriguez currently lives in Phoenix with her mother, sister, and Rodriguez' children, as stated above.  She has another brother, Jose, who lives in Phoenix, and her youngest brother, Luis, is currently in custody here in the Eastern District of Texas because he is a co-defendant on the instant charges.  She has one aunt who lives in Mexico.  Rodriguez reported that she last traveled to Mexico three years ago.

Rodriguez has been employed with JP Morgan Chase Bank in Tempe, Arizona, for twelve (12) years as a mortgage underwriter.  She was previously employed as a telemarketer.  If released, she stated that she would return to her employment at Chase.

As for her health, Rodriguez reported that she is generally in good health.  She drinks alcohol occasionally and reported using marijuana once when she was a teenager. She suffered

from postpartum depression after the birth of her youngest child but advises that she does not have any symptoms of this at this time.

     i.    <u>Risk of Flight</u>

Based upon the evidence discussed herein, the Court finds that the defendant presents a risk of nonappearance by a preponderance of the evidence.  If convicted, she faces up to a lifetime in the Bureau of Prisons.  The seriousness of the punishment he faces increases the likelihood that he will flee.

More significantly, Rodriguez' case presents a unique situation in that ICE has placed a detainer on her for possible immigration violations.  A handful of district courts have been confronted with similar situations when addressing the nonappearance issue under the Bail Reform Act.  While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.  *United States v. Morales*, No. 11-cr-20132-09-KHV-DJW, 2012 U.S. Dist. LEXIS 23234 at *6 (D. Kan, Feb. 24, 2012) (citing *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 964 n.3 (E.D. Wis. 2008)); *see also United States v. Ong*, 762 F. Supp. 2d 1353, 1363 (N.D. Ga. 2010).  The standard enunciated by the Bail Reform Act is the risk of nonappearance, not the risk of flight, and the existence of an ICE detainer against a defendant that likely would result in her removal from the United States is relevant on the issue of the defendant's likely appearance at trial, even though this nonappearance may be beyond the defendant's control.  *See Ong*, 762 F. Supp. 2d at 1362 n.8 (citations omitted).  At least one higher court has held that a defendant's immigration status and the existence of an ICE detainer are relevant factors when considering the history and characteristics of a defendant under the Bail Reform Act.  *See United States v. Salas-Urenas*,

No. 11-3182, 430 F. App'x 721, 723 (10th Cir. July 19, 2011).  This Court finds further guidance from an opinion issued by a District Court in the District of New Mexico who noted that courts along the southern border have "had the very real experience of seeing a defendant released, ICE immediately deporting the defendant, the defendant trying to come to the United States so he can appear in court, and the United States Attorney's Office not being able to do anything about the situation."  *United States v. Vencomo-Reyes*, No. CR 11-2563 JB, 2011 WL 6013546, 2011 U.S. Dist. LEXIS 128823 at *36-*37 (D.N.M. Nov. 28, 2011).  Citing the Tenth Circuit's opinion in *Salas-Urena*s in support, United States District Judge James O. Browning concluded that a defendant subject to an ICE detainer may present a substantial risk of nonappearance – perhaps through no fault of his own.  *Vencomo-Reyes*, 2011 U.S. Dist. LEXIS 138823 at *40.

Following the line of reasoning in these cases as discussed by other courts facing the same situation, this Court concludes that the fact that ICE has placed an immigration detainer on Rodriguez weighs in favor of detention at this time on the risk of nonappearance issue.  If the Court releases Rodriguez, she may go into ICE custody and therefore be precluded from appearing in this Court as directed to answer the charges filed against her in the Eastern District of Texas.  Taking into account that the detainer in itself should not be the sole factor determinative of the nonappearance issue, the Court will allow the defendant the right to reopen her detention hearing if she is able to resolve her immigration issues with ICE and address the detainer.

Accordingly, based upon the evidence and factors discussed herein, the Court factually that the defendant presents a risk of nonappearance by a preponderance of the evidence due to the immigration hold placed against her.  The Court concludes that no conditions could be

imposed which would reasonably assure the defendant's appearance as required at this time.

ii.   <u>Dangerousness</u>

Evidence of a defendant's dangerousness is in no way limited to evidence of the elements of the crime with which he is charged.  *United States v. Bess*, 678 F. Supp. 929, 933 (D.D.C. 1988).  There is not clear and convincing evidence showing that the defendant would present a danger to the community if released.  Despite the fact that she is charged with a serious drug offense, she has limited criminal history and is not charged with a crime of violence.  The testimony of her sister and the evidence presented show that defendant rebutted the presumption that she would present a danger if released.  However, as the Court explained *supra*, the Government need only establish that there is a risk of nonappearance OR that the defendant presents a danger to the community.  Accordingly, because of this Court's determination that there are no conditions that can be imposed to assure Rodriguez' appearance as required at this time, the defendant must still be detained.

**D.  Order and Directions Regarding Detention**

The Court accordingly finds that the defendant should be **DETAINED** pursuant to 18 U.S.C. § 3142 because no conditions exist under which she could be released to reasonably assure her appearance as required.  As stated on the record at the detention hearing, the defendant may petition the Court should conditions change regarding her immigration status, and she may also petition the District Court for review of this detention order pursuant to 18 U.S.C. § 3145 and Federal Rule of Criminal Procedure 59.

The Court **ORDERS** that the defendant is committed to the custody of the United States Marshal.  The United States Marshals service is accordingly ordered to deliver the defendant for

all appearances in connection with the court proceedings in this criminal action.   The undersigned further holds that the defendant should be afforded reasonable opportunity for private consultation with counsel in accordance with Section 3142**.**

It is so ordered.

**SIGNED this the 17th day of April, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE